# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SUSIE L. LANDON, )
)
       Plaintiff, )
)
) Case No. 08 C 7466
v. )
) Magistrate Judge Schenkier
HOMECOMING FINANCIAL )
LLC, *et al.*, )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

This lawsuit arises out of plaintiff's dissatisfaction with the defendants' conduct in providing financing for plaintiff's purchase of property located at 1906 South Troy Street in Chicago, Illinois ("the Property"). In her two-count amended complaint (doc. # 24), plaintiff alleges (1) a federal claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1602(f), 1638(b) and Regulation Z §§ 226.2(a)(17) and 226.16(b); and (2) a state law claim for breach of contract. Defendants have moved to dismiss both claims (doc. # 49). For the reasons that follow, the Court grants the motion to dismiss the TILA claim with prejudice, and dismisses the state law contract claim without prejudice for lack of supplemental jurisdiction.[1]

## I.

Rule 12(b)(6) requires dismissal if the allegations of the complaint, taken as true and with all reasonable inferences drawn in favor of plaintiff, do not state a claim for which relief can be granted. In determining whether a complaint states a claim, a court first must decide if the allegations make the asserted claim "plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.

---

[1] Pursuant to the consent of the parties and 28 U.S.C. § 636(c), on December 2, 2009, the case was reassigned to this Court for all proceedings, including the entry of final judgment (doc. ## 55, 56).

Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Although the material facts alleged must be taken as true and construed in the plaintiff's favor, that does not apply to legal conclusions supported only by conclusory statements. *Id.*

## II.

Applying these principles, we take as true the following allegations in the amended complaint. Plaintiff, a resident of the State of Illinois, sought financing for the purchase of the Property for a price of $320,000.00 (Am. Compl. ¶¶ 1, 5). To obtain that financing, on March 27, 2007, plaintiff signed and executed two mortgages with Homecoming Financial LLC ("Homecoming"): a first mortgage for $256,000.00 at an annual interest rate of 8 percent, and a second mortgage for the remaining $64,000.00 at an annual interest rate of 14.225 percent (*Id.* ¶ 6). The first mortgage required payment only of interest for the first 10 years, with payments of both interest and principal due for the following 20 years (*Id.* ¶ 7). Plaintiff alleges that she did not receive a TILA disclosure statement for the first mortgage prior to the closing on March 27, 2007, and that she never received a TILA disclosure statement for the second mortgage (*Id.* ¶¶ 9-10).

On or about September 11, 2008, Homecoming assigned the first mortgage to defendant Deutsche Bank and Trust Company ("Deutsche Bank") (Am. Compl. ¶ 11).[2] Thereafter, on or about November 13, 2008, Homecoming made an offer to plaintiff that would allow her to satisfy the entire

---

[2] Defendants say that the correct name of this defendant is Deutsche Bank Trust Company Americas, as Trustee for RALI Series 2007-QS7 Trust (Defs.' Mot. at 1).

balance of the second mortgage by making a one-time payment of $5,107.64 before November 21, 2008 (*Id.* ¶ 12 and Ex. G). Plaintiff accepted that offer by sending a cashier's check in that amount to Homecoming's office in Dallas, Texas on November 20, 2008 (*Id.* ¶ 13 and Ex. H). Defendant refused the payment and returned the check to plaintiff (*Id.* ¶ 14).

## III.

We begin our analysis with defendants' motion to dismiss the TILA claim. Defendants assert that this claim is barred by the applicable one-year statute of limitations under TILA. 15 U.S.C. § 1640(e). Defendants argue that the amended complaint establishes that the mortgage transaction closed on March 27, 2007, and that under the governing law, that is the date that the statute of limitations began to run. *See, e.g., Streit v. Fireside Chrysler-Plymouth, Inc.*, 697 F.2d 193, 196 (7th Cir. 1983); 12 C.F.R. § 226.2(a)(13). The docket sheet in this case shows the original complaint was not filed until December 31, 2008 (doc. # 1). Defendants argue that this demonstrates that the complaint was filed more than one year after the statute of limitations was triggered, and that this action is therefore time-barred.

Plaintiff concedes that her TILA claim is time barred under this analysis (Pl.'s Resp. at 3). However, plaintiff argues that the affirmative defense of the statute of limitations should not form the basis for dismissal, and that she should be given an opportunity to develop facts in discovery that would show a basis for equitable tolling (*Id.* at 3-4). We disagree on both scores.

*First*, we recognize that a plaintiff is not obliged to include in a complaint allegations necessary to "anticipate or overcome affirmative defenses such as the statute of limitations." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). But, "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out

3

of court by alleging facts that are sufficient to establish the defense." *Id.* That is what has occurred here. Plaintiff has alleged facts that show the TILA statute of limitations clock began ticking on March 27, 2007, and the docket sheet of this Court shows that she did not file her complaint until December 31, 2008 – nine months after the one-year limitations period came to a close. Plaintiff's own allegations show that her TILA claim is time-barred, and thus is subject to dismissal under Rule 12(b)(6).

*Second*, we are not persuaded that plaintiff can stave off dismissal of the TILA claim merely by suggesting in her brief that discovery "may" reveal facts that would provide a basis for equitable tolling. Equitable tolling is used sparingly and only when the plaintiff shows extraordinary circumstances. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Bensman v. U.S. Forest Serv.*, 408 F.3d 945, 964 (7th Cir. 2005). There is not a single allegation in the amended complaint that suggests a basis for equitable tolling. Plaintiff alleges that she belatedly received a TILA disclosure statement for the first mortgage on March 27, 2007, and never received one for the second mortgage. Thus, as of March 27, 2007, plaintiff knew what disclosure statements she had received (or not received) and when. The complaint does not allege any conduct by Homecoming during the following year that would support equitable tolling. *Iqbal* and *Twombly* teach that a barebones complaint is not an automatic ticket to discovery. To survive dismissal, a complaint must offer enough to show that a claim is not just possible, but is plausible. *See E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (the allegations of a complaint "must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court"). Plaintiff has failed to do so here with respect to an equitable tolling theory.

Accordingly, we grant defendants' motion to dismiss the TILA claim (Count I) with

4

prejudice, as barred by the statute of limitations.

## IV.

That brings us to plaintiff's breach of contract claim in Count II. Defendants argue that the amended complaint and attachments show that plaintiff did not mail her check in response to Homecoming's offer from Chicago until November 20, 2008, and that this response could not have been received by Homecoming in Texas prior to November 20, the deadline that Homecoming had set (Defs.' Mot. at 3-4). For her part, plaintiff says that the response was timely under the "mailbox rule" (Pl.'s Resp. at 4-5). We do not address the merits of these arguments because, in light of the dismissal of the federal TILA claim, we decline to exercise jurisdiction over the state law contract claim.

The amended complaint does not allege the basis for the Court to exercise jurisdiction over the state law contract claim. Plainly, the allegations are insufficient to establish diversity jurisdiction. Plaintiff alleges that she is a "resident" of Illinois (Am. Compl. ¶ 1), but it is citizenship and not residency that is critical to diversity jurisdiction. *E.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). Plaintiff does not allege anything about the citizenship of either Homecoming or Deutsche Bank. And, there is serious question whether the contract claim involves an amount in controversy "that exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff alleges that Homecoming improperly refused to honor an offer to allow plaintiff to satisfy a mortgage obligation with a principal amount of $64,000.00 in exchange for a payment of $5,107.64 (Am. Compl. ¶¶ 7, 12-14, 21-25). Nothing on the face of those allegations suggests a claim of an amount required to trigger the Court's diversity jurisdiction.

The absence of diversity jurisdiction did not affect this Court's subject matter jurisdiction over the contract claim so long as the TILA claim remained in the case. The TILA and the contract claims formed "part of the same case or controversy under Article III of the United States Constitution," thus permitting the Court to exercise supplemental jurisdiction over the contract claim. 28 U.S.C. § 1367(a). However, with the dismissal of the TILA claim, the only federal claim in the case, the Court is empowered to decline supplemental jurisdiction over the contract claim. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"). *See also Nightingale Home healthcare, Inc. v. Anodyne Therapy, LLC*, No. 09-2523, 2009 WL 4894242 (7th Cir. Dec. 21, 2009) (relinquishment of supplemental jurisdiction over a state law claim is the "usual sequel" to dismissal of the primary federal claims).

We exercise that power to decline jurisdiction here, because there is no good reason that this garden-variety state law matter should be adjudicated as a stand-alone claim in federal court. The case is still at a preliminary stage in this Court, and the state courts are fully capable of providing a just resolution of the contract claim. We add that in declining of supplemental jurisdiction, we express no view as to the merits of the state law claim, which plaintiff is free to file in state court if she chooses. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss (doc. # 49). We dismiss Count I with prejudice. We decline to exercise supplemental jurisdiction over Count II, and thus dismiss that claim without prejudice. The case is terminated.

ENTER:

SIDNEY I. SCHENKIER
United States District Judge

DATED: December 28, 2009